

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| SHAHID MAJID, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION 0:24-1944-MGL-PJG |
| § | |
| NURSE PRACTITIONER EVERLN MAY, § | |
| NURSE PRACTITIONER LILIAN EMETU, § | |
| MEDICAL DIRECTOR WANDA SERMONS, § | |
| RN TRACEY MASSEY, and SCDC, § | |
|     Defendants. § | |

### ORDER ADOPTING THE TWO REPORTS AND RECOMMENDATIONS, DENYING PLAINTIFF'S REQUEST IN HIS COMPLAINT FOR A TEMPORARY RESTRAINING ORDER, AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

    Plaintiff Shahid Majid (Majid), who is self-represented, filed his lawsuit against Defendants Nurse Practitioner Everln May, Nurse Practitioner, Lilian Emetu, Medical Director Wanda Sermons, RN Tracey Massey, and SCDC (collectively, Defendants). Majid is an inmate in the Broad River Correctional Institution of the South Carolina Department of Corrections. His complaint concerns the prison's alleged denial of medical care.

    The matter is before the Court for review of two Reports and Recommendations of the United States Magistrate Judge. In the first Report and Recommendation (Report 1), the Magistrate Judge recommends Majid's request for a temporary restraining order in his complaint be denied; and in the second one (Report 2), she suggests his motion for a temporary restraining order be denied. The

Reports were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report 1 on May 14, 2024, and the Clerk entered Majid's objections to Report 1 on June 13, 2024, along with twenty-eight pages of unredacted documents/attachments. Majid also argues in his two motions to amend and his motion for clarity that the Court should grant his request for a temporary restraining order. Thus, for the purposes of this Order, the Court will liberally construe those arguments as supplemental objections to Report 1.

According to the Magistrate Judge, Majid "fails to provide allegations showing that irreparable injury loss, or damage will result before . . . [D]efendant[s] can be heard in opposition. . . . [He] does not provide the court with a sufficient reason to enjoin . . . [D]efendants before they can be served with notice of the motion and heard in opposition to the motion." Report 1 at 4.

In Majid's objections, he fails to convince the Court otherwise. Instead, his objections consists mostly of conclusory allegations, which are insufficient to convince the Court he is entitled to a temporary restraining order at this juncture. Thus, the Court will overrule his objections to Report 1.

The Magistrate Judge filed Report 2 on January 24, 2025. Majid's motion seeks injunctive relief against the Clerk of Court; and he raises allegations of sexual assault.

Although Majid failed to file anything titled objections, as the Court noted above, he argues in his two motions to amend and his motion for clarity he is entitled to a temporary restraining order. Consequently, for the purposes of this Order, the Court will also liberally construe his arguments in those three motions as objections to Report 2.

Now, having made a de novo review of the record in this case, the Court is unable to conclude it would be appropriate for the Court to grant Majid's motion for a temporary restraining order.  As the Magistrate Judge noted in Report 2, "[f]irst, to the extent [Majid] seeks injunctive relief against the Clerk of Court, who is not a party to this action, such relief is unavailable.  Second, [Majid's] requested relief is unrelated to the underlying action. [Majid's] complaint concerns the prison's denial of medical care, not an alleged sexual assault." Report 2 at 3-4.  As such, the Court will overrule Majid's objections to Report 2, too.

Wherefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules all Majid's objections, adopts both Report 1 and Report 2, and incorporates both Report 1 and Report 2 herein.  It is therefore the judgment of the Court Majid's request in his complaint and his motion for a temporary restraining order are both **DENIED**.

**IT IS SO ORDERED**.

Signed this 26th day of February, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

****

**NOTICE OF RIGHT TO APPEAL**

Majid is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.